Ladies and gentlemen, we have one case on the call this morning. The time we are allotting for oral argument is 15 minutes for the epaulant, 15 minutes for the epaulet, 5 minutes in rebuttal. I don't use the timing lights, but I will hold you to your time. Case number 14-3185, Sherry Lawler v. University of Chicago Medical Center Good morning, Your Honors. My name is Bob Shorten. It is my privilege to represent the Plaintiff of Appalachia, Sherry Lawler, the Administrator of the Estate of Jill Prusak. It was also my privilege many years ago to teach appellate law at DePaul University. At that time, we were always trying to search for a topic for the moot courts that had no factual problems, but interesting legal problems. I wish I had had this case at that time, because truly this is a case which is full of interesting legal problems. Those problems, I believe, are created by the judge's order and the defendant's efforts to support that order. The judge essentially found two things in denying our motion or actually dismissing our amendment of the case where we had added the wrongful death counts to an injury case that had already been on file. What the trial court decided was first that inherently there could be no amendment against the medical malpractice for your statute of oppose. And he also determined that a wrongful death action inherently as a matter of law, as he said, could not be the subject of an amendment under Section 2616. Both of their modes of contentions, I believe, are mistaken. And in correcting those mistakes, I believe we will come to the proper conclusion with respect to this case that it ought to have gone differently. It should be reversed, and the amendment should be allowed. Well, here, let's get real simple with this without dragging this out too far. We have two statutes here. We have a statute of oppose of 13.212 that says, except as provided in 13.215, no action for damages for injury or death against any physician, blah, blah, blah, arising out of patient care shall be brought more than two years after the date, but in no event shall such action be brought more than four years after the date on which occurred the act of remission or occurrence alleged in such action to have been the cause of injury or death. And then we have Section 2-616B that says the cause of action set up in any amended pleading shall not be barred by lapse of time under any statute of contract prescribing or limiting the time within which the action may be brought if the time prescribed or limited had not expired, blah, blah, blah, and you comply with every one of those conditions. Conditions? Yes. So the question is, does Section 2-616B allow you to file a wrongful death action more than four years after the occurrence of the act or remission that caused the death? It does. That's what the case is about, and it's just that simple. I agree. So tell me why it does. It does because Section 2-616 has been held repeatedly by this Court that any cause of action, any cause of action set up in amended pleading shall not be time barred and, here's the important thing, well, it's all important, and shall be said to relate back to the date of filing. Now, that means that if it qualifies for the amendment under 616, then it relates back at the time of filing. So it is not, in this case, filed after the statute had run. It relates back. It is taken as though it was filed when the original complaint was filed. It's not a case, as the defendant suggested in their brief, of carving out an exception for the Medical Malpractice Act. It's not an exception to any statute. It doesn't toll any statute. It takes the position that if it qualifies under 2-616, then effectively it was filed at the time of the original complaint. Well, Mr. Sheridan, one of the obstacles you have to overcome here is the doctrine of legislative interpretation that teaches that the specific, you know, often will govern over the general. And here we have at least some legislative history and background that the legislature deliberately tried to put, you know, an impenetrable wall that says, you know, after four years, medical malpractice claims cannot be brought. And how do we get around that here? We get around that here in this way. First of all, the medical malpractice case had been brought. Okay. The cases that Your Honor is thinking of all involve the initiation of a new case. The Section 2-616. Well, Mr. Sheridan, I'm not talking about taking a real estate case and then suddenly adding a tort claim to it. No. Or a presumptory claim. What I'm asking about is the specific law governing over the general law. Because I think we can agree the relation to the Act's statute is very general. It applies to all civil litigation. These are not in conflict. The character of 616 is that any claim, as it said, any claim will relate back. It has nothing to do with the statute of limitations involved. I get a little more basic than that. Certainly 13212 is a statute. Yes. And 2-616B says, shall not be time barred by lapse of time under any statute. That is exactly what we approve. So if it's any statute, I guess that's all statutes. I believe that is correct. I mean, that's one way to interpret this thing as opposed to the relation back issue. It falls because the bar is in the statute. I agree with that. Counsel, the concern of the legislature and subsequently the interpretation of our Supreme Court was the ultimate impact. If you don't put a finite time on these men and male cases, then there's this eternal tale, as they referenced, and the concern about the insurance industry failing to insure physicians or hospitals and physicians going out of practice because they don't want the liability. If we agree with your particular position, how is that concern abated? Well, here's Pledge's response to that. The long-term tale concern is effectively attached to many, many kinds of statutes where there's a discovery rule involved. For example, it's a similar concern with the attorneys' malpractice case. And the interpretation of the long-term concern was addressed by this Court in a case called Turner v. Nama. And in that case, the Court said that to curtail the long-term exposure brought about by the advent of the discovery rule, it's done by placing an outer limit within which the malpractice action must be commenced. This action was commenced. Now, when the insurance company became aware of this action, it's in the pot for them. They've made their reserve. This is not a case where they have no knowledge of any possible action, and then 20 years somebody discovers something, which would have been the consequence but for this absolute limitation. But the real long-term concerns are the filings of new suits, not the amendment of existing suits. Once they know about the case, they can evaluate it. Now, I would say this also. There are numerous cases cited in our briefs, very numerous cases, most of them from this Court, which have reversed trial courts that have not applied the relation-back statute, where the facts of the case would otherwise have done so, because they thought that the four-year bar was absolute. And all these cases have recognized that once the case is filed, those statute of limitations or statute of opposed problems are resolved. That's done. That's no longer the concern, as this Court said in the Merrick case, that Section 2616 is the only statute you look at once you're dealing with relation-back. It doesn't matter which one of the statutes of limitations or opposed being dealt with. The defendants offer to the Court, read and object, because I think people are able to put whatever they want before the Court, to a new Supreme Court case. I think it's called Fulton. In that case, the Court talked about statutes of opposed and how they extinguish the rights of the parties after the passage of time. But there was a rule for relation-back that none of the cases that we cited, and there are others, but we must have cited a half a dozen, would be allowed to stand. What's extinguished is the right if you don't file it. And that's particularly true in a case like Fulton where they were dealing with a statute that created the right, the Occupational Hazards Act. Here we're not dealing, and also the Lawful Death Act is a statute like that. Here we're not dealing with a created right, which only lasts for a number of years. Here we're dealing with a common law right, and it's a statute of opposed, yes, in the sense that it doesn't make any difference when the people find out about it, and it doesn't even make any difference if they don't find out about it until after the four years is done. But it's not a statute of opposed in the sense that the Lawful Death Act is, in which the legislature has created a right, but only for a particular period of time. Now this court, Justice McMaul, then of this court, and later of the Supreme Court, and I was pleased to see Justice Day-Glynn, who is also an author, in this case decided specifically that the Lawful Death Act was not such a departure from the rule that you can't slip in an entirely distinct claim, and that because it arose from the exact same facts, it related back. Now in that case, there were actually two statutes that had gone. One was, it was filed obviously after the auto accident case. It was also filed after the expiration of two years. But it still was allowed to relate back. And the language from the Supreme Court in Simmons v. Hendricks, you can't slip in an entirely distinct claim, which doesn't mean a different theory. It doesn't mean a different cause of action, because all those things are specifically approved. You can't bring a new cause of action. For that language, this court's opinion is the language that's always quoted. And Justice McMaul's decision has been cited 12, 13, 14 times without ever being criticized by any court. It's a leading case. And it says the Lawful Death Action relates back. This case, the language about slipping in, in Sapolsky, got its impetus from Simmons v. Hendricks, an Illinois Supreme case that had been decided almost 30 years before. And it is a watershed case, because it was the last big case decided under Section 46 of the Civil Practice Act, which later became our Section 2616. And it's the case that discussed the language about you can't slip in a distinct cause of action. That case, in fact, dealt with a Dram Shop Act. But the case in which it relied, in which to get to its opinion, was another case for the Supreme Court, also 30 years before that, in the 1930s, called Metropolitan v. Beaumont-Darien. In that case, the language which was approved, the language which was talked about, was a wrongful death case. And it said, even though that now wasn't the Wrongful Death Act, it was now the Injuries Act. It was only a one-year statute. But even though that had passed, and so the right had been lost, it could relate back if it qualified. And the qualifications were the same as they are now, the same transaction or occurrence, and also that the original case had been timely filed. I thank you, Your Honors, for your attention. I look forward, if there are any more questions. You have five minutes. Thank you. Thank you, Your Honor.  May it please the Court. I'm Scott Howey. I represent the defendants' apologies, Dr. Rama Jaeger and University Retina and Macula Associates. And I'm privileged this morning to be speaking on behalf of all the defendants. There isn't any question that the medical malpractice statute of repose, as it's written, extinguished claims for wrongful death based on medical malpractice in July of 2013, four years after the defendants last treated Ms. Prusak, and four months before she died. I don't know, Mr. Howey, that there's no question about that if Mr. Sheridan's relational back theory is good. So I wouldn't take it for granted that's conceded. Not at all, Your Honor, but under the language of the statute, it's quite clear that that statute by itself would extinguish the claims before they even accrued. And so the only real question is, can the relation back doctrine preserve those claims if they were extinguished before they accrued? And that's a legal question that can be resolved. I don't want to play games with words with you, but if it related back, it was never extinguished. So let's get to the issue of whether it did in fact relate back to the filing of the original complaint, in which case it was never extinguished, or let's talk about the language in the first sentence of 616B that says the cause of action shall not be barred by lapse of time under any statute. That's correct, Your Honor. Whichever one you want to take first, take. Certainly, Your Honor. And I might observe, too, that you refer to the first sentence of 616B. It's actually one very long and complicated sentence. Yeah. But it's the second portion of the sentence which informs the understanding of the first, not just the language about any statute not barring by lapse of time, but toward the end, that very long sentence describes the purpose and the effect of section 616B. It says for the purpose of preserving the cause of action, cross-claim or defense, and for that purpose only, an amendment to any pleading shall be held to relate back to the date of filing of the original pleading so amended. So it is only for the purpose of preserving a cause of action, not bringing one into existence, not holding the door open for one that's already been extinguished. By the operation of a statute of repose in this case. Isn't that what your opposition is saying? It is for the purpose of preserving the cause of action. So I don't see how that helps your case. Well, the plaintiff maintains that the cause of action ought to be preserved under 616B. But the fact is that because of the way in which statutes of repose work, which is very different from statutes of limitation, something that has been extinguished already can't be said to be preserved. Bear in mind that 616B also refers to what the time would be that it would be held to relate back to. If relation back were to apply on facts like these, it would mean that the wrongful death action would relate back to a time before the decedent even died. That's a preservation of something that doesn't make sense in the context of wrongful death. The defining characteristic of a wrongful death action is the death of the party, the death of the individual. And it doesn't fit with the purpose of either the wrongful death act or the statute of repose to enable that sort of action to relate back to a time before the death even occurred. Mr. Hallie, be that as it may, I think both sides agree this is a question of first impression, at least in the sense of this particular set of facts. But there's a thread of cases. If you sit down and read the cases both of you have cited, the common thread appears to be a recognition by the courts that when you have these overlapping doctrines or these conflicting doctrines, that the side that prevails, the reason a claim can proceed is because there was in fact a lawsuit on file before the statute of repose expired. Cases that you are citing, that you are relying on, are different in the sense that they involve claims where there was nothing on file in court by and large. And the first time anybody's put their foot in the door to a courthouse was after the clock had struck midnight. Well, Your Honor, it's true that this is a question of first impression in the sense that these particular facts have never faced a court of review in Illinois. But they're judged by legal principles that have been well set forth. And most of the cases in which relation back was permitted are cases that involved, that were cited by the plaintiff here, are cases that involved a statute of limitation. Very different from the statute of repose that's at issue here. And the Supreme Court has been quite clear in treating the two portions of 13212A as separate statutes, although they're in the same subsection. The difference between statutes of limitation and statutes of repose is that statutes of limitation are merely a procedural means of limiting the time in which a claim can be filed. Statutes of repose have a very substantive, much more substantive effect of extinguishing the claim entirely. The FOLTA case that we recently moved for leave to cite, and I hope that we do have leave to cite that this morning, the Supreme Court case from November, specifically described statutes of repose as meaning that a claim is not even recognized by the law after the time that the repose period has ended. Well, it's substantive.  That's what the Supreme Court said. It said a number of things, Your Honor, including that and The purpose of a repose period is to determine a possibility of liability after a defined period of time. After the expiration of the repose period, there is no longer a recognized right of action. That's exactly what they wrote. That's correct. And it is that ending of the recognition of the cause of action that is the substantive effect of a statute of repose. The cases are numerous that recognize the substantive effect of a statute of repose and, in fact, contrast that substantive effect of repose with the procedural effect of limitations. The Relation Back Statute, as Your Honor, Justice DeLorde pointed out earlier, is a procedural statute under the Code of Civil Procedure. It's a procedural fix for technical flaws. It's been recognized by a number of cases that what Relation Back does is allow something to be filed when procedurally it wouldn't be allowed to be filed. That is very different from what the plaintiff would have this court do in this case. In this case, the passage of time, the expiration of the four-year repose period had the effect of ending any legal recognition of any claim arising out of medical malpractice. Wouldn't it bar the cause of action and the expiration of the four-year statute of repose? It would, Your Honor, because this is a claim. The first sentence of 616B says, The cause of action set up in any amended pleading shall not be barred by lapse of time under any statute. If thus and such is. How is this not? How is this not barred by lapse of time under a statute? It's more than simply barring by lapse of time. It is, in fact, in a sense, it's less than what that even describes because that is, as Your Honor observed, a procedural fix. It is purely procedural, not substantive in the sense that the statute of repose is. And when a procedural statute is pitted against the language of a substantive statute, as Your Honor recognized, it is the procedural. Correct. 616B would be ineffective as against any statute of limitation or repose if your contention is they're substantive and this is only procedural. Not against statutes of limitation, Your Honor, because statutes of limitation are procedural. Oh, they're procedural. So as against any statute of repose, this is ineffective. That's correct, Your Honor. If it is a case, it is a statute. What is the best case that stands for that proposition? The best case is Hayes, Your Honor. That's the Contribution Act involved in that case where a contribution claim, Hayes v. Mercy Hospital, the Supreme Court decision from 1990, I believe, which held that a contribution claim was barred by the statute of repose. That was, that's a, a, a. And was there a 616 issue in that case in Hayes? There was not. That's not a relation back, as I recall, that's not a relation back case. Then what does it have to do with what we're talking about? Because it demonstrates the substantive effect of a statute of repose, just as the Folta case more recently has done, that it is that substantive impact of the repose period, the expiration, not just of the time to file something, that's procedural, that's statute of limitations. And one would think that if your argument was correct, the legislature would have said not barred by lapse of time under any procedural statute. But they didn't say that. They said barred by lapse of time under any statute. And it occurs to me that any would include both substantive and procedural. Well, that's the, that's a canon of statutory construction, and the General Assembly isn't typically in the habit of including the canons of construction within the wording of their statutes. The effect of this statute being procedural, and being a procedural fix for procedural flaws, demonstrates that it wouldn't have any effect, it wouldn't have any effect on the substantive impact that a statute of repose does. It certainly can't preserve something in the sense of enabling it to continue in time when that something has been extinguished by a different substantive statute. When it doesn't exist anymore, it can't be preserved. And despite the plaintiff's description of this, of relation back as being a preservation method, that is true for claims that have been asserted in the initial, in the initial complaint in some fashion. And the great bulk of the case law that's been addressed in this case so far has been, has involved cases in which changes were made to the initial complaint that were not substantive in nature. They were additions of additional allegations of negligence. They were different theories. It's important to recognize the sea change that adding the wrongful death claim to this case represented. Wrongful death is a very different cause of action from the negligence claim initially filed. Isn't it all arising from the same set of facts? There's a great deal. The same act of misdiagnosis. There is that overlap in fact, Your Honor. In fact, any case in which relation back is discussed has some overlap in fact. This may have its genesis in the same initial actions or omissions. But the defining characteristic of a wrongful death claim is something that isn't part of the original case and couldn't have been part of the original case as filed by the decedent. Wrongful death was a cause of action that is very different from what became the survival action, which survives.  616B doesn't talk about they have to be the same cause of action. 616B only requires that the amended pleading go out of the same transaction or occurrence set up in the original pleading. Wrongful death action and the decedent's underlying action arise out of the same occurrence. So they've complied with all of the requirements of 616D. The question is, is 616D applicable? I mean, you're not going to get along if this didn't arise out of the same occurrence or transaction. Whether it arose from the same transaction or not, Your Honor, it has an initial transaction in common. But the wrongful death arises out of the death. Well, there are different causes of action. There's no question about it.  It's only required that they grow out of the same transaction or occurrence. And there are a whole list of cases that suggest that wrongful death and the underlying decedent's action while it was still alive arise out of the same occurrence of malpractice. And so, I mean, I don't know where your argument is on that. Even if they arise out of the same occurrence, even if they had all of their facts in common, which in this case they don't, but if they did, it would still be consistent, it would still be required by 616B that the cause of action be preserved, be something that could still be allowed to be filed, that would be allowed by 616B, the Relation Back Statute, to excuse the passage of the limitations period. The reposed period being substantive brings us back to the canon of statutory construction requiring that substantive statutes control over procedural ones. And the substantive nature of the statute of repose, which has been recognized time and time again, means that it must take precedence over the language of 616B. But we also have authority, Mr. Howley, that tells us that when interpreting the Relation Back Doctrine of 616B, we are supposed to do so liberally. Now, obviously, that's not helpful to you, but how do you get around that? Even a liberal construction, Your Honor, is still limited and restricted by the language of the statute. And the language is quite clear, that the statute is to be applied for the purpose of preserving the cause of action, and this is a quote from the language of the statute, and for that purpose only is when an amendment may be allowed to relate back. And it... Mr. Howley, bring your remarks to a closer time. I will, Your Honor. Because of that language, that language provides only for the preservation of something already in existence. The wrongful death claim was dead on arrival. It had already been extinguished before the decedent died, and the statute of repose had the effect that many statutes of repose have been recognized to have. It extinguished it before it accrued. For that reason, the Circuit Court was correct to dismiss the cause of action for wrongful death, and I would ask that the Court affirm that ruling. Thank you, counsel. Mr. Sheridan, you may vote. Yes, Your Honor. The argument that counsel has made with respect to wrongful death being inherently different than the injury that gave rise to it is exactly the same argument that was urged by the defense in Sompowski v. Miller, the case that has said that wrongful death does relate back. And the court there specifically said, analyzed that argument. Obviously, when a person's dead, that's not the same as being alive, but pointed out that it was a continuation of an action to secure damages for that original injury and rejected the idea that because there was now a wrongful death claim that it was so different that it was different and did not relate back. So, in fact, not only did the court in Sompowski say that wrongful death could relate back, but actually spoke to the very arguments that we just heard. One point. Another, we're talking about, Your Honor mentioned liberal construction. That's repeatedly been held that Section 616 should be liberally construed to allow the plaintiff to present their claims. The next thing is, is that the Could 616B be used to allow a statutory cause of action where the statute of limitations is contained within the statute relating back to the filing of an original common law action? Yeah. In the Sompowski case, it did. It was a wrongful death. It was a statutory action. And also the Bowman-Derry case. So, every time that, in these two occasions in which wrongful death is related back, it had it related back with respect to a statutory created action as opposed to a common law action as we have here. What counsel suggested, and this is my final point, is that the character of the statute proposed under this Medical Malpractice Act is such that it cannot be overcome by the considerations of 616B, even when the standards have been met. And to make that hold in here today would be, for Your Honor, to overrule six or seven cases named in our brief, McArthur, Merrick, Kamen, Caster v. Belushi, famous, Friegel v. Simmer. I mean, you could have reversed Kamen, that wouldn't have effected that. Your Honor, your Honor recognized in that case, I have no difficulty reversing my own. And the court said as follows, Section 2616B provides that the amended complaint will not be barred by a statute of repose, even if it's filed without the four-year period, as long as it relates back. And I think that that disposes of the case in the favor of the plaintiffs. And we ask your Honors to reverse the judgment. Counselors, thank you. Thank you. The matter will be taken under advisement and opinion will issue in due course.